[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
On January 24, 1996, the plaintiff, Rufino Castillo, filed a two count complaint in negligence and recklessness, pursuant to General Statutes § 14-295, against the defendant, Dumitru Caporani, arising out of an automobile accident which occurred at the intersection of North Avenue and River Street in Bridgeport, Connecticut, and as a result of which the plaintiff suffered injuries.
The defendant filed a motion to strike count two on March 21, 1996, on the ground that the plaintiff has not sufficiently alleged a cause of action in recklessness. The defendant also filed a memorandum of law in support of his motion on March 18, 1996. The plaintiff filed a memorandum in opposition to the defendant's motion to strike on March 21, 1996.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks CT Page 3394 omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v.Brown, Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786,796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215.
The defendant contends that in count two the plaintiff has merely realleged the allegations upon which he bases his claim of negligence, and therefore has not sufficiently alleged a cause of action in recklessness sufficient to invoke General Statutes § 14-295.[1] The plaintiff argues that he has properly pleaded violation of one of the statutes listed by § 14-295, and that § 14-295 does not require the same specificity as does a common law cause of action in recklessness.
A split of authority exists in the superior courts as to the degree of specificity required when alleging a cause of action in recklessness pursuant to § 14-295. See Switek v. Fournier, Superior Court, judicial district of Litchfield, Docket No. 067858 (July 5, 1995, Pickett, J.). This court, however, has recently held that to sufficiently allege a cause of action under § 14-295, the plaintiff need only plead that the defendant has violated one of the enumerated statutory provisions and that such violation was a substantial factor in causing the plaintiff's injury. Bavolacco v. Medalis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324479 (September 14, 1995, Ballen, J.); Henderson v. Ketner, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317077 (September 14, 1995, Ballen, J.).
The plaintiff has alleged violation of General Statutes §14-218a, and that violation of that statute was a substantial factor in causing the plaintiff's injuries. Furthermore, although other courts demand a greater amount of specificity to plead a cause of action under § 14-295, the plaintiff has also alleged that "[t]he injuries and damages suffered by the Plaintiff were a result of the recklessness of the Defendant in that she deliberately and/or with reckless disregard operated CT Page 3395 said vehicle at an unreasonable, improper and excessive rate ofspeed having regard to the curves, width, traffic, and use ofsaid highway and the intersection of such streets and weatherconditions then and there existing in violation of § 14-218a. . . ." (Emphasis added.) Therefore, the plaintiff has sufficiently pleaded a cause of action under § 14-295 even under the superior court cases demanding greater specificity in pleading. Accordingly, the defendant's motion to strike count two of the plaintiff's complaint is denied.
BALLEN, J.